**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOSE VALENTÍN MARRERO, EMERITA MERCADO ROMAN, PERSONALLY, AS MEMBERS OF THEIR CONJUGAL PARTNERSHIP AND ON BEHALF OF THEIR SON GAJVM<br><br>**Plaintiffs**<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO; DEPARTMENT OF EDUCATION OF THE COMMONWEALTH OF P.R.<br><br>**Defendants** | **CIVIL NO.** 18-1286(RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, U.S. District Judge

Pending before the Court are José Valentín-Marrero and Emerita Mercado-Roman's, (collectively, "Plaintiffs" or "Parents") *Motion for Amended or Additional Findings under Rule 52(b) of Fed. R. Civ. P.* (Docket No. 269) and *Motion to Alter or Amend Judgment under Rule 59 of Fed. R. Civ. P.* (Docket No. 271). For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' *Motion for Amended or Additional Findings under Rule 52(b) of Fed. R. Civ. P.* at Docket No. 269 and **DENIES** their *Motion to Alter or Amend Judgment under Rule 59 of Fed. R. Civ. P.* at Docket No. 271.

## I. BACKGROUND

On May 11, 2018, Plaintiffs brought the present action against the Commonwealth of Puerto Rico and the Department of Education of the Commonwealth of Puerto Rico ("DOE") on behalf of their son GAJVM. They sought injunctive relief, reimbursement of costs, and attorney's fees for alleged violations of the Individuals with Disabilities Education Act ("IDEA" or "Act"), 20 U.S.C. §§ 100 *et seq*. (Docket No. 1). Particularly, Plaintiffs requested an injunction ordering the DOE to prepare an Individualized Education Program ("IEP") for GAJVM, a minor registered with the DOE as a student with disabilities, that incorporates Applied Behavior Analysis ("ABA") services. Id. at 3, 11-13.

After considerable litigation, Plaintiffs and Defendants filed separate motions for summary judgment in June 2020. (Docket Nos. 167 and 184). Having considered the motions for summary judgment, as well as the responses filed by the parties, the Court ultimately issued an opinion and order denying in part and granting in part both motions for summary judgment. (Docket No. 260). Specifically, the Court issued the following ruling:

> The Court **GRANTS IN PART** Plaintiffs' request for permanent injunction as follows:
>
> - The parties are hereby **ORDERED** to meet and approve a 2020-2021 IEP for GAJVM by **September 8, 2020** that incorporates ABA services and is devised with the assistance of an ABA-certified professional. If the Department does not have an ABA-Certified

> professional on hand, then it shall contract with one.
>
> - If the parties are unable to agree on an IEP or an appropriate placement for GAJVM for the 2020-2021 school year, the parties are **ORDERED** to **exhaust the administrative remedies** available under the IDEA. *See* 20 U.S.C.A. § 1415.
>
> […]
>
> Additionally, the DOE is hereby **ORDERED** to:
>
> - Reimburse Plaintiffs for the private school costs incurred from November 2018 through February 2019 totaling **Three Thousand Twenty Dollars ($3,020.00)**; and
>
> - Provide eleven (11) months of compensatory education corresponding to the period from April 2018 through February 2019 in which GAJVM was not offered an IEP that would provide him with a FAPE.

Id. at 56-57.

On September 16, 2020, Plaintiffs filed a *Motion for Amended or Additional Findings under Rule 52(b) of Fed. R. Civ. P.* and a *Motion to Alter or Amend Judgment under Rule 59 of Fed. R. Civ. P.* (Docket Nos. 269 and 271). Subsequently, Defendants filed a *Response in Opposition* (Docket No. 274) and Plaintiffs filed a *Reply to Response in Opposition* (Docket No. 277).

## II.  ANALYSIS

### A. Motion for Amended or Additional Findings under Rule 52(b)

Fed. R. Civ. P. 52(b) provides that "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court

may amend its findings—or make additional findings—and may amend the judgment accordingly." The First Circuit has noted that the purpose of Rule 52(b) "is to permit the correction of any manifest errors of law or fact that are discovered, upon reconsideration, by the trial court" and should not be a mechanism for "parties to rehash old arguments already considered and rejected by the trial court." Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990). Therefore, a motion to amend should not be "employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." In re Mayaguez Advanced Radiotherapy Ctr., 2012 WL 2119107 at *1 (Bankr. D.P.R. 2012) (internal quotations omitted).

"A district court's ruling on a motion to amend findings '[is] committed to the sound discretion of the district court.'" Feliciano Hernandez v. Pereira Castillo, 2010 WL 5072567, at *2 (D.P.R. 2010), aff'd, 663 F.3d 527 (1st Cir. 2011) (quoting 9C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2582 (3d ed. 2010)). In order to succeed on a Rule 52(b) motion to amend, "the moving party must show that the Court's findings of fact or conclusions of law are not supported by evidence in the record." Fairest-Knight v. Marine World Distributors, Inc., 2010 WL 500409, at *1 (D.P.R. 2010) (citations omitted).

In their *Motion for Amended or Additional Findings under Rule 52(b) of Fed. R. Civ. P.*, Plaintiffs request that the Court incorporate previously proposed facts that were purposefully not included in the Opinion and Order. (Docket No. 269). Yet, Plaintiffs are reminded that they cannot relitigate issues through a Rule 52(b) motion. *See* Nat'l Metal Finishing Co., 899 F.2d at 123. Further, the Court need not include **all** purported facts in its findings, only those deemed to be **material** for the controversy at bar. Several of the facts Plaintiffs seek to incorporate at this juncture contain opinions, conclusions or valuations that were consciously excluded from the findings of fact. However, upon a careful review, Finding of Fact ¶ 101 shall be amended pursuant to Plaintiffs' request. (Docket No. 269 at 6). Plaintiffs did not propose specific language. Amended Fact ¶ 101 shall thus read as follows:

> 101. The proposed 2019-2020 IEP prepared in part by Rivera-Toro provides the following regarding the application of ABA:
>
> > 2. Describe the strategies or methods that will be used to modify the identified behavior:
> >
> > 1. Use techniques and strategies based on specialized ABA models, according on [sic] the diagnosis of [GAJVM]. The ABA approach, designed by a certified specialist, will be applied. In addition, visual cures, errorless teaching techniques, through discrete trials alternating simple and complex activities and short and long activities in variable reinforcement schedules starting VRI and

>   progressing to token boards and error correction procedures will be used.

(Docket Nos. 184-1 ¶¶ 162-163, 166 and 211-9 at 2-3).

**B. Motion to Alter or Amend Judgment under Rule 59**

A motion that asks "the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 (1st Cir. 2005). *see also* United States v. Pérez-Greaux, 382 F.Supp.3d 177, 178 (D.P.R. 2019). The United States Court of Appeals for the First Circuit ("First Circuit") has held that altering or amending a judgment is "an extraordinary remedy which should be used sparingly." United States ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation omitted). Consequently, the decision to deny a Rule 59(e) motion is within the sound discretion of the district court. *See* McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).

Thus, a district court may grant reconsideration **only** if there is a "manifest error of law, [...] newly discovered evidence, or in certain other narrow situations [such as a change in controlling law]." United States v. Peña-Fernández, 394 F.Supp.3d 205, 207 (D.P.R. 2019) (quoting Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014)). The moving party bears the burden of proving that one of these three conditions exist to warrant

reconsideration. *See* Sutherland v. Ernst & Young LLP, 847 F. Supp. 2d 528, 531 (S.D.N.Y. 2012).

Courts will not readdress arguments presented but rejected during the first judgment. *See* Rivera-Domenech v. Perez, 254 F. Supp. 2d 232, 234 (D.P.R. 2003) ("Arguments previously considered and rejected by the court **may not be raised again by way of a Rule 59(e) motion**.") (emphasis added). Indeed, "[w]hen the motion **simply regurgitates contentions that were previously made and rejected, the movant has no legal basis to insist upon reconsideration**." Liu v. Mukasey, 553 F.3d 37, 39 (1st Cir. 2009); *see also* Santa Cruz-Bacardi v. Metro Pavia Hospital, Inc., 2019 WL 4453620, at * 2 (D.P.R. 2019) (internal quotation omitted) (emphasis added) ("A motion for reconsideration **is unavailable if said request simply brings forth a point of disagreement between the court and the litigant.**"). Moreover, a motion for reconsideration which presents new legal arguments is not appropriate under Rule 59(e). *See* Perrier-Bilbo v. United States, 954 F.3d 413, 435 (1st Cir. 2020); *See also* Banister v. Davis, 140 S.Ct. 1698, 1708 (2020) (holding that "Courts will not entertain arguments that could have been but were not raised before the just-issued decision.").

In the case at bar, Plaintiffs have not met their burden of establishing the existence of a manifest error of law, newly discovered evidence or any other extraordinary circumstance that

would warrant relief under Rule 59(e). *See* Peña-Fernández, 394 F.Supp.3d at 207. As Defendants correctly identified in their *Response in Opposition* (Docket No. 274), the points raised in Plaintiffs' *Motion to Alter or Amend Judgment under Rule 59 of Fed. R. Civ. P.* (Docket No. 271) were **discussed at length** in the Opinion and Order at Docket No. 260 and thus "may not be raised again by way of a Rule 59(e) motion." Rivera-Domenech, 254 F. Supp. 2d at 234.

However, Plaintiffs present two, necessarily novel contentions regarding specifics of the Court's Opinion and Order. First, Plaintiffs argue that the Opinion and Order at Docket No. 260 is contrary to the previous Orders at Docket Nos. 62 and 80. Plaintiffs claim that the Order at Docket No. 62 required "implementing the specific requirements of the 2017-2018 IEP" in future IEPs. (Docket No. 271 at 13-14). This conclusion is **not** supported by the text of the Order. (Docket No. 62). Instead, it explicitly ordered:

> [T]he parties to convene a COMPU meeting on or before December 14, 2018 and prepare a new IEP for the remainder of the 2018-2019 school year designed by an ABA certified provider that applies ABA services throughout the educational process. If there are no ABA certified professionals available in Puerto Rico to design plaintiff's IEP for 2018-2019, the DOE SHALL provide one at its expense. In designing the new 2018-2019 IEP, the DOE may propose that the ABA certified professional use services it currently provides to disabled students. But the DOE is admonished that the final plan must be designed by an ABA certified

> professional, apply ABA services, and count with the professional's backing throughout the education process so that plaintiffs' child may receive a FAPE.

(Docket No. 62 at 7).[1]

Further, Plaintiffs reiterated their view that the Court's previous order at Docket No. 80 mandating that ABA services be applied throughout the educational process requires the application of ABA services "100% of the time the child is in school." (Docket No. 271 at 4, 16). The Court disagrees with this interpretation. The Court's repeated attempts to facilitate a settlement agreement between the parties should not be misconstrued as an endorsement of Plaintiffs' view. The ABA services detailed in the proposed 2019-2020 IEP comply with the Order at Docket 80 and would guarantee that GAJVM receive the ABA therapies required throughout his education. Despite the arguments raised in their *Motion to Alter or Amend Judgment under Rule 59 of Fed. R. Civ. P.*, the fact remains that in this case Plaintiffs have not presented sufficient evidence or legal authorities to sustain their requests. Specifically, Plaintiffs have not **provided any evidence or expert testimony** to establish that: (1) the proposed 2019-2020 IEP is insufficient in the context of the IDEA; (2) that the DOE is incapable of providing a fair and appropriate

---

[1] Further, the Opinion and Order notes how Plaintiffs rejected subsequently proposed IEPs despite having almost the exact same ABA specifications as the approved 2017-2018 IEP. (Docket No. 260 at 51).

public education; (3) how ABA services would be implemented 100% of the time; or even (4) that Starbright Academy can or does provide ABA services **100%** of the time.

Second, Plaintiffs take issue with the Court's order to exhaust administrative remedies if the parties cannot agree to an IEP for the 2020-2021 academic year. (Docket No. 271 at 27). The First Circuit has recognized that there are "special benefits" to exhausting administrative remedies in the IDEA context. *See* Frazier v. Fairhaven Sch. Comm., 276 F.3d 52, 60–61 (1st Cir. 2002). Namely, it places educational professionals with specialized knowledge at the center of the decision-making process; gives educational agencies the opportunity to correct shortcomings; and promotes accuracy, efficiency, agency autonomy, and judicial economy. Id. (citations omitted). Given that the Court has determined that the latest proposed 2019-2020 IEP complied with the IDEA, the sufficiency and implementation of future IEPs requires the expertise of the administrative agency.

### III. CONCLUSION

In light of the above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' *Motion for Amended or Additional Findings under Rule 52(b) of Fed. R. Civ. P.* at Docket No. 269 and **DENIES** their *Motion to Alter or Amend Judgment under Rule 59 of Fed. R. Civ. P.* at Docket No. 271. Fact ¶ 101 of the Opinion and Order at Docket No. 260 shall be amended accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of October 2020.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
