**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **JOSÉ VALENTÍN-MARRERO, et al.**<br><br>**Plaintiffs,**<br><br>v.<br><br>**COMMONWEALTH OF PUERTO RICO, et al.**<br><br>**Defendants** | **CIVIL NO. 18-1286 (RAM)** |

**RESPONSE IN OPPOSITION TO MOTION SUBMITTING**
**ITEMIZED STATEMENT FOR ATTORNEY'S FEES**
**AND**
**MOTION TO HOLD IN ABEYANCE PLAINTIFFS' MOTION SUBMITTING ITEMIZED STATEMENT FOR ATTORNEY'S FEES**

**TO THE HONORABLE COURT:**

Come now the defendants through their undersigned counsel and respectfully state and pray:

**INTRODUCTION**

On October 27 and 28, 2020, Plaintiffs filed their Itemized Statement for Attorney's Fees. [Docket Nos. 286 and 288-1]. The Honorable Court granted the appearing Defendants until this date to file their Response in Opposition, Docket No. 302, which Defendants proceed to do.

**ARGUMENT**

IDEA provides for the payment of attorney's fees incurred in cases brought pursuant to this statute. 20 U.S.C.A. § 1415(i)(3)(B). Section 1415 states that the Court "in its discretion

may award reasonable attorney's fees as part of the costs …". Costs may be awarded "to a prevailing party who is the parent of a child with a disability." 20 U.S.C.A. § 1415(i)(3)(B)(i)(I).

In its Amended Opinion and Order (Nunc Pro Tunc), Docket No. 279, the Honorable Court concluded that "by February 22, 2019, the DOE had complied with its procedural and substantive obligations under the IDEA by crafting an IEP that would provide GAJVM with a FAPE. Moreover, the DOE continued with a collaborative IEP process for the 2019-2020 school year, providing even more detail regarding ABA services."[1] Pursuant to this determination, the Honorable Court granted Plaintiffs <u>limited reimbursement and compensatory education.</u> In granting this remedy, the Honorable Court took into consideration "that when parents make 'unilateral choice to abandon the collaborative IEP process without allowing that process to run its course […] [they are] precluded from obtaining reimbursement for the costs of private school placement.' (citation omitted). In this case, there is ample evidence on the record to suggest that the failure on both the 2018-2019 and 2019-2020 proposed IEPs to provide FAPE for GAJVM is attributable to Plaintiffs unilateral abandonment of collaborative process and their 'ABA/Starbright Academy or nothing' approach."[2]

To that extent, the Honorable Court granted a <u>limited compensatory reimbursement from November 2018 through February 2019</u>; and eleven months of <u>compensatory education to recompense the period from April 2018 through February 2019</u>.

---

[1] See, Amended Opinion and Order (Nunc Pro Tunc), Docket No. 279, page 51.
[2] <u>Id.</u>, at page 52.

As to the private school constantly and continually requested by the plaintiffs, even at this date, the Honorable Court determined that it "is not supported by law, fact, or any administrative record. Private school placement is **only** considered proper 'when a public-school system has defaulted on its obligations under the Act'". (citations omitted).

To the effect that the Honorable Court determined that Defendants have complied with their obligations under the IDEA by February 2019, and the fact that the Honorable Court granted the plaintiffs remedies up until said date, it is to be concluded that Plaintiffs' award of attorney's fees suffer the same fate. As such, the appearing Defendants contend that any award of <u>reasonable</u> attorney's fees should not surpass said date. To that effect, taking into consideration the itemized statement for attorney's fees filed by Plaintiffs' counsel, Plaintiffs should not be awarded in attorney's fees an amount over **$3,341.60**, which is applicable to any and all of plaintiffs' counsel work itemized except for any motion that had been denied by the Honorable Court.

In the alternative that the Honorable Court consider that Plaintiffs should be granted an amount in attorney's fees for obtaining their remedy as a partial grant of their Motion for Summary Judgment, the appearing Defendants respectfully contend that said amount should not be greater than a one third (1/3) of their itemized statement since this was the remedy obtained from all they requested in their Amended Complaint. Should the Honorable Court consider this second option, the appearing Defendants respectfully understand that the amount to be awarded to the plaintiffs in attorney's fees in relation to their Motion for Summary Judgment should be no greater than **$690.00**, for a total award of attorney's fees of **$4,031.60.**

Moreover, both Defendants and Plaintiffs have filed Notice of Appeal as to the Amended Opinion and Order (Nunc Pro Tunc). Defendants will be appealing the denial of their argument as to lack of jurisdiction of this Honorable Court as Plaintiffs failed to exhaust administrative remedies as required by IDEA. Being that the United States Court of Appeals for the First Circuit will reviewing this case *de novo* and that Defendants will raise a jurisdictional issue, it is reasonably possible that the First Circuit enter an Opinion and Mandate in its favor, declaring that the plaintiffs had failed to exhaust administrative remedies and, therefore, there was no jurisdiction in the instant case. This will revert in Plaintiffs no longer being a prevailing party with the right of attorney's fees. Therefore, the appearing Defendants respectfully request that the Honorable Court hold in abeyance Plaintiffs' Motion submitting Statement of Itemized Attorney's Fees until the United States Court of Appeals for the First Circuit makes a final determination on Plaintiffs and Defendants' Appeals, entering an Opinion and a Mandate to that effect.

## CONCLUSION

For the reasons previously argued, it is respectfully requested that the Honorable Court hold in abeyance Plaintiffs' Motion submitting Statement of Itemized Attorney's Fees until the United States Court of Appeals for the First Circuit makes a final determination on Plaintiffs and Defendants' Appeals, entering an Opinion and a Mandate to that effect.

**WHEREFORE**, it is respectfully requested that this Honorable Court grants the extensions of time hereby requested by the appearing Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on November 13th, 2020, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF System, which will send notification of such filing to counsel of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this Friday the 13th day of November, 2020.

| | |
|---|---|
| **INÉS DEL CARMEN CARRAU MARTÍNEZ**<br>Interim Secretary of Justice<br><br>**WANDYMAR BURGOS-VARGAS**<br>Deputy Secretary in Charge of Litigation<br><br>**SUSANA PEÑAGARÍCANO-BROWN**<br>Director of Federal Litigation and Bankruptcy Division | *S/ Idza Díaz Rivera*<br>**IDZA DÍAZ RIVERA**<br>USDC No. 223404<br>Department of Justice of Puerto Rico<br>Federal Litigation Division<br>P.O. Box 9020192<br>San Juan, Puerto Rico 00902-0192<br>Tel. 787-721-2900, Ext. 1421<br>Email: idiaz@justicia.pr.gov |