IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE VALENTÍN MARRERO, EMERITA MERCADO ROMAN, PERSONALLY, AS MEMBERS OF THEIR CONJUGAL PARTNERSHIP AND ON BEHALF OF THEIR SON GAJVM<br><br>**Plaintiffs**<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO; DEPARTMENT OF EDUCATION OF THE COMMONWEALTH OF P.R.<br><br>**Defendants** | **CIVIL NO.** 18-1286(RAM) |

**OPINION AND ORDER**

Before the Court is Plaintiffs José Valentín-Marrero and Emerita Mercado-Roman's, (collectively, "Plaintiffs" or "Parents") *Amended Motion to Stay Proceedings under Fed. R. Civ. P. 62 Pending Appeal* ("*Motion to Stay*"). (Docket No. 291). For the reasons discussed below, the Court **DENIES** Plaintiffs' *Motion to Stay*.

I. BACKGROUND

Plaintiffs, on behalf of their son GAJVM, brought the present lawsuit pursuant to the Individuals with Disabilities Education Act ("IDEA" or "Act"), 20 U.S.C. §§ 100 *et seq.*, against the Commonwealth of Puerto Rico and the Department of Education of the

Commonwealth of Puerto Rico (collectively "Defendants" or "DOE"). (Docket No. 1).

After considerable litigation and cross motions for summary judgment, on October 9, 2020, the Court issued an *Amended Opinion and Order (Nunc Pro Tunc)* granting in part and denying in part Plaintiffs' request for a permanent injunction and ordered the following:

- José Valentín-Marrero, Emerita Mercado-Roman, the Department of Education of the Commonwealth of Puerto Rico and the Commonwealth of Puerto Rico are hereby **ORDERED** to meet and approve a 2020-2021 Individualized Education Plan ("IEP") for GAJVM by **October 30, 2020** that incorporates Alternative Behavior Analysis ("ABA") services and is devised with the assistance of an ABA-certified professional. If the Department does not have an ABA-Certified professional on hand, then it shall contract with one.

- If the parties are unable to agree on an IEP or an appropriate placement for GAJVM for the 2020-2021 school year, the parties are **ORDERED** to **exhaust the administrative remedies** available under the IDEA. *See* 20 U.S.C.A. § 1415.

(Docket No. 279 at 56).

Plaintiffs subsequently filed a Notice of Appeal on October 19, 2020 and the pending *Motion to Stay* on October 29, 2020. (Docket Nos. 281 and 291, respectively). In their *Motion to Stay*, Plaintiffs posit that their "request for appeal could alter the relief granted by the Court" and thus, the injunction should be

stayed. (Docket No. 291 at 1). On their part, Defendants filed a *Response in Opposition* arguing that Plaintiffs have not met their burden of proving that a stay is proper and affirming their interest in starting the appropriate administrative process. (Docket No. 295). Lastly, Plaintiffs filed a *Reply*. (Docket No. 300).

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 62(c), a "final judgment in an action for an injunction" is not automatically stayed upon appeal. Instead, the court must issue an order to that effect. Id. In Nken v. Holder, the Supreme Court discussed at length the nature and propriety of stays pending appeal. *See* Nken v. Holder, 556 U.S. 418 (2009). First, "[a] stay is not a matter of right, even if irreparable injury might otherwise result." Id. at 433 (quoting Virginian R. Co. v. United States, 272 U.S. 658, 672 (1926)). Rather, it is "an exercise of judicial discretion […] dependent upon the unique circumstances of the particular case" and "guided by sound legal principals." Id. at 433-34 (citations and quotations omitted).

Specifically, the Nken Court held that:

> [T]hose legal principles, have been distilled into consideration of four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure

> the other parties interested in the proceeding; and (4) where the public interest lies.

Id. at 334 (quoting Hilton v. Braunskill, 481 U.S. 770, 776, (1987)). Notably, the first two factors "are the most critical" and are not easily met. Id. "It is not enough that the chance of success on the merits be better than negligible. ... By the same token, simply showing some possibility of irreparable injury fails to satisfy the second factor." Common Cause Rhode Island v. Gorbea, 970 F.3d 11, 14 (1st Cir. 2020) (quoting Nken, 556 U.S. at 434-35).

### III. ANALYSIS

#### A. Likelihood of success on the merits

To establish likelihood of success, Plaintiffs reiterate *their* interpretation of previous Court orders that ABA services must be provided "100% of the time." (Docket No. 291 at 3-9). The Court has discussed this exact argument at length and rejected it in previous opinions. (Docket Nos. 278 and 279). At this juncture, Plaintiffs have not provided any legal authorities to persuade the Court to rule any differently. *See* L. CV. R. 7(a). Plaintiffs also contend that they believed that the Court's order granting in part a *preliminary* injunction (Docket No. 62) was *final*. (Docket No. 291 at 10-13). Thus, they were allegedly unaware that they needed to provide evidence as to the appropriateness for the academic services and/or placement for GAJVM that they were requesting. Id.

This argument is undermined by the nature of a preliminary injunction. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981). Further, parties are "**not** required to prove [their] case in full at a preliminary-injunction hearing, and the findings of fact and conclusions of law made by a court granting a preliminary injunction **are not binding at trial on the merits**." Id. (internal citations omitted) (emphasis added). Therefore, Plaintiffs have not shown a likelihood of success on the merits.

**B. Irreparable injury absent a stay**

Plaintiffs maintain that without a stay, "it is likely[] the DOE will continue to refuse to provide" the services requested for GAJVM and that merely receiving "a limited amount of services will likely result in further aggravation of GAJVM['s] conditions[.]" (Docket No. 291 at 13).

An injunction requiring that all relevant parties engage in the collaborative IEP process as required by the IDEA simply **cannot** be construed as a source of irreparable harm for GAJVM. See Nickerson-Reti v. Lexington Pub. Sch., 893 F. Supp. 2d 276, 285 (D. Mass. 2012), aff'd (June 19, 2013) (explaining that States are tasked with "the obligatory creation of an IEP for each student, reviewed annually and revised when necessary.")(citing Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cty. v.

Rowley, 458 U.S. 176, 181-82 (1982)). Plaintiffs' contention that the discussions with the DOE will "likely" be futile is **patently speculative**. Further, as of November 2018, Plaintiffs decided to enroll GAJVM at Starbright Academy for two hours of daily services with an ABA therapeutic focus, in lieu of receiving a formal education. (Docket No. 279 ¶ 109). In other words, Plaintiffs' own abandonment of the IEP process has led to the harm they are currently alleging. Thus, they have not evinced the existence of irreparable injury in the absence of a stay.

### C. The effect of the stay on other interested parties

Plaintiffs affirm, and Defendants concede, that issuing the requested stay would not injure Defendants. (Docket Nos. 291 at 14; 295 at 7). However, the stay would be detrimental to GAJVM, who has yet to receive the education he needs and that is required by law. Therefore, this factor also favors denying the stay.

### D. Public interest

The public interest lies in developing an IEP for GAJVM so that he can receive a free appropriate public education ("FAPE") as required by the IDEA. *See* 20 U.S.C.A. §§ 1401(9), 1414; Lessard v. Wilton Lyndeborough Coop. Sch. Dist., 518 F.3d 18 (1st Cir. 2008). Plaintiffs recognize this in their *Motion to Stay*. (Docket No. 291 at 14). Notably, the United States Department of Education ("USDOE") has issued guidelines maintaining that even during the present Covid-19 Pandemic, and regardless of "what primary

instructional delivery approach is chosen[,]" state and local educational agencies and IEP Teams "**remain responsible for ensuring that a [FAPE] is provided to all children with disabilities**." United States Department of Education, Implementation of IDEA Part B Provision of Services in the COVID-19 Environment, Office of Special Education Programs, (Sept. 28, 2020), https://www2.ed.gov/policy/speced/guid/idea/memosdcltrs/qa-provision-of-services-idea-part-b-09-28-2020.pdf. In other words, even "[i]f State and local decisions require schools to limit or not provide in-person instruction due to health and safety concerns, […] **IEP Teams are not relieved of their obligation to provide FAPE to each child with a disability under IDEA**." Id. In this Guideline, the USDOE also urged that:

> IEP Teams can discuss how a child's IEP will be implemented with traditional in-person instruction and how services also could be provided through remote/distance instruction if circumstances require a change to distance learning or a hybrid model. In making these determinations, IEP Teams should consider alternate available instructional method-ologies or delivery, such as online instruct-ion, teleconference, direct instruction via telephone or videoconferencing, or consult-ative services to the parent (if feasible)."

Id.

The stay pending appeal requested by Plaintiffs would only delay the process of developing an IEP and providing GAJVM with the FAPE required by the IDEA. Therefore, the public interest factor also favors denial of the stay.

## IV. CONCLUSION

Given that all four relevant factors favor denying the requested stay pending appeal, the Court hereby **DENIES** Plaintiffs' *Motion to Stay* at Docket No. 291.

The Court urges the parties to collaborate in good faith so that GAJVM can receive the education he needs and is entitled to as soon as possible.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of January 2021.

S/ RAÚL M. ARIAS-MARXUACH  
United States District Judge