IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE VALENTÍN MARRERO, EMERITA MERCADO ROMAN, PERSONALLY, AS MEMBERS OF THEIR CONJUGAL PARTNERSHIP AND ON BEHALF OF THEIR SON GAJVM<br><br>**Plaintiffs**<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO; DEPARTMENT OF EDUCATION OF THE COMMONWEALTH OF P.R.<br><br>**Defendants** | **CIVIL NO.** 18-1286(RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court are Plaintiffs' request for attorney's fees and costs and Defendants' opposition thereto. (Docket Nos. 286 and 303, respectively). For the reasons discussed below, Plaintiffs' request is **GRANTED IN PART** and Defendants' opposition is **DENIED**. Plaintiffs are awarded attorney's fees and costs as calculated below.

**I. BACKGROUND**

On May 11, 2018, Plaintiffs José Valentín-Marrero and Emerita Mercado-Roman ("Plaintiffs"), on behalf of their son GAJVM, brought the present action against the Commonwealth of Puerto Rico

and the Department of Education of the Commonwealth of Puerto Rico ("DOE" or "Defendants") seeking injunctive relief, reimbursement of costs, and attorney's fees for alleged violations of the Individuals with Disabilities Education Act ("IDEA" or "Act"), 20 U.S.C. §§ 100 *et seq*. (Docket No. 1).

Upon adjudicating the parties' cross-motions for summary judgment, the Court granted in part Plaintiffs' request for permanent injunction and ordered Plaintiffs to file their itemized claim for attorney's fees. (Docket Nos. 278 and 279). Accordingly, Plaintiffs filed a *Motion in Compliance with Order and Submitting Itemized Statement of Attorney's Fees*, followed by a corrected itemized statement. (Docket Nos. 286 and 288-1). Therein, Plaintiffs stated that their legal counsel had agreed to a fixed rate of $800.00, for the initial case work until December 2018, and that subsequently his rate would be $60.00 an hour, plus costs. (Docket No. 286 at 2). In total, Plaintiffs request a total amount of $21,600.40 in attorney's fees and costs.

Defendants filed an *Opposition* arguing that, because the Court found that by February 22, 2019 the DOE had complied with the IDEA by crafting a sufficient Individualized Education Plan ("IEP"), any reasonable attorney's fees should not surpass said date. (Docket No. 303 at 2-3). In the alternative, Defendants contend that if the Court finds that Plaintiffs should receive attorney's fees for obtaining a partial grant of their motion for

summary judgment, the fees should be equivalent to one third (1/3) of their itemized statement "since this was the remedy obtained from all they requested in their Amended Complaint." Id. at 3. Lastly, Defendants posit that Plaintiffs' request for attorney's fees should be held in abeyance pending appeal. Id. at 4. The DOE does not sustain these arguments with any citations or supporting authorities. *See* L. CV. R. 7(a). Defendants do not object to any specific entry of Plaintiffs' itemized statement.

## II. DISCUSSION

The IDEA authorizes a district court to "award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). Attorneys' fees awarded pursuant to IDEA must "be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). When adjudicating a request for fees under the Act, courts "must determine whether: (1) a party is in fact a "prevailing party"; (2) the compensation sought is reasonable; and (3) if there are any additional but exceptional considerations that may require and [sic] upward or downward adjustment in the award." Bristol-Navarro v. Puerto Rico Dep't of Educ., 215 F. Supp. 3d 195, 198 (D.P.R. 2016) (citing Hensley v. Eckerhart, 461 U.S. 424, 433–34 (1983)). Within these parameters, district courts have "a great deal of discretion" when awarding

attorneys' fees in IDEA cases. Gonzalez v. Puerto Rico Dep't of Educ., 1 F. Supp. 2d 111, 114 (D.P.R. 1998).

### A. A Prevailing Party

A plaintiff is "considered a prevailing party if he succeeds on any significant issue in litigation that achieves **some of the benefit the party sought** by bringing his suit." Rodriguez v. Puerto Rico, 764 F. Supp. 2d 338, 342 (D.P.R. 2011) (citing Farrar v. Hobby, 506 U.S. 103, 113 (1992)) (emphasis added). Although Plaintiffs did not obtain the totality of the relief requested, they certainly meet this threshold. Here, as in Rodriguez, "Defendants had to provide requested services and reimbursements to Plaintiffs," as well as compensatory education, thereby "cementing Plaintiffs' status as a prevailing party." Id. Although Defendants crafted an adequate IEP prior to the cross-motions for summary judgment, Plaintiffs only received the relief sought by pursuing the present litigation.

### B. The Prevailing Rate

Plaintiffs are represented by attorney Antonio Borrés-Otero. Defendants do not seek to adjust his rate and with good reason. Attorney Borrés-Otero's rate of $60.00 per hour is not only reasonable, but *significantly* below the prevailing rate in the community for IDEA litigation. *See* Zayas v. Puerto Rico, 451 F. Supp. 2d 310, 316 (D.P.R. 2006) (finding that $110.00 per hour was "at the lower end of the prevailing rate in the community" and

assigning said rate to unidentified attorneys whose preparation, education, and experience were unknown to the Court); Gonzalez, 1 F. Supp. 2d at 114 (holding that $125.00 per hour for office work and $175.00 per hour for trial work was a reasonable rate for the plaintiffs' lead counsel in 1998); Rodriguez, 764 F. Supp. 2d at 344 (accepting the rate of $135.00 per hour).

### C. The Reasonability of the Total Amount Sought

"The First Circuit has endorsed the 'lodestar' approach for purposes of determining whether the total amount sought is presumptively reasonable." Bristol-Navarro, 215 F. Supp. 3d at 198. Pursuant to this method, "the judge calculates the time counsel spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates." Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001).

Plaintiffs claim a total of 283.84 hours of work for attorney Borrés-Otero from December 2018 until the present. After conducting a detailed review of each entry in the itemized statement, the Court makes the following modifications:

| Date | Description | Hours Claimed | Hours Approved |
|---|---|---|---|
| 12/20/2018 | Prepared motion requesting order | 2.85 | 2.00 |
| 8/08/2019 | Drafted motion for extension of time to amend the complaint | 0.75 | 0.50 |
| 1/23/2020 | Prepared and filed joint motion for extension of time as discovery due date and other matters | 1.0 | 0.75 |
| 4/10/2020 | Drafted and filed motion In Compliance with Order | 0.75 | 0.50 |

| Date | Description | Hours | Rate |
|---|---|---|---|
| 4/10/2020 | Drafted and filed motion to continue discovery until May 2020 | 1.0 | 0.50 |
| 4/13/2020 | Drafted and filed motion to continue deadline to file dispositive motions. | 1.0 | 0.50 |
| 7/16/2020 7/17/2020 7/18/2020 | Prepared Motions Requesting further extensions to file Response to Defendant's motion for Summary Judgment | 1.0 | 0.50 |
| 7/30/2020 | Prepared motion supplementing request for relief at motion for summary judgment | 1.0 | 0.50 |
| 7/30/2020 | Prepared motion submitting certified translation and motion to restrict. | 1.0 | 0.50 |
| 8/09/2020 | Prepared informative motion as to availability of Starbright Academy and motion to file Spanish documents | 1.0 | 0.75 |
| 8/13/2020 | Prepared Emergency Motion Requesting Order to place minor at Starbright Academy | 1.50 | 0.75 |
| 9/01/2020 | Prepared Motion to Stay Proceedings, Rule 62 | 2.0 | 0.75 |
| 10/18/2020 | Legal research as to procedures and requirements for appeal, drafted Notice of Appeal and Motion to stay procedures pending appeal. | 3.0 | 0.00 |

Furthermore, the Court shall reduce the 10.8 hours that were related to unsuccessful settlement negotiations to 5 hours. The 283.84 hours for attorney's fees requested by Plaintiffs are adjusted to **268.69** hours.

**D. Interpreter Costs and Translation Fees**

Prevailing parties in IDEA litigation can recover costs "set out in 28 U.S.C. § 1920, the general statute governing the taxation of costs in federal court." Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 298 (2006). Specifically, 28 U.S.C. §

1920(6) provides that "compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title" are taxable costs. Therefore, Plaintiffs' request for the interpreter fees for the September 13, 2018 hearing is proper.

On the other hand, Local Rule 5(c) requires that "all documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English." L. CV. R. 5(c). Consequently, other judges in this District have routinely held that costs related to translations are recoverable in IDEA cases. *See* Colon Vazquez v. Puerto Rico, 2015 WL 847291, *2 (D.P.R. 2015) ("[T]ranscription costs may be classified as reasonable out-of-pocket expenses normally billed to the client and, therefore, may be included in costs awarded to a prevailing party under [42 U.S.C. § 1988 and 20 U.S.C. § 1415(i)(3)(C).]"); Fortes-Cortes v. Garcia-Padilla, 2016 WL 492766, *3-4 (D.P.R. 2016); Zayas v. Puerto Rico, 451 F. Supp. 2d at 318. *See also* Torres-Serrant v. Dep't of Educ. of Puerto Rico, 100 F. Supp. 3d 138, 144 (D.P.R. 2015) (finding that requiring plaintiffs to pay for the translation costs of the administrative record is "inconsistent with the IDEA's language and objectives."). In the case at bar, the translation fees claimed by Plaintiffs are equally recoverable.

### III. CONCLUSION

Accordingly, Plaintiffs are entitled to the following attorneys' fees and costs:

| | |
|---|---|
| Attorney's fees totaling 268.69 hours X $60.00/hour: | $16,121.40 |
| Attorney's fees from May 2018 through November 2018: | $800.00 |
| Interpreter fees for the September 13, 2018 hearing: | $750.00 |
| Translation fees: | $3,020.00 |
| **Total fees and costs:** | **$20,691.40** |

The Court hereby **GRANTS IN PART** Plaintiffs' petition for attorney's fees, and costs at Docket No. 286, subject to the adjustments discussed above. Defendants' *Opposition* at Docket No. 303 is **DENIED.** Plaintiffs are awarded attorney's fees and costs in the total amount of **$20,691.40**.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 13th day of May 2021

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
