# United States Court of Appeals
## For the First Circuit

Nos. 20-2054
     20-2112

JOSÉ VALENTÍN-MARRERO, personally, as member of his Conjugal
 Partnership, and on behalf of his minor son GAJVM; EMÉRITA
   MERCADO-ROMÁN, personally, as member of her Conjugal
   Partnership, and on behalf of her minor son GAJVM,

Plaintiffs, Appellants, Cross-Appellees,

v.

COMMONWEALTH OF PUERTO RICO; DEPARTMENT OF EDUCATION OF THE
COMMONWEALTH OF PUERTO RICO,

Defendants, Appellees, Cross-Appellants.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Raúl M. Arias-Marxuach, U.S. District Judge]

Before

Lynch and Kayatta, Circuit Judges,
 and Laplante,* District Judge.

Antonio Borrés-Otero for appellants, cross-appellees.
   Carlos Lugo-Fiol, with whom Fernando Figueroa-Santiago,
Solicitor General of Puerto Rico, was on brief, for appellees,
cross-appellants.

March 24, 2022

---

* Of the District of New Hampshire, sitting by designation.

**LYNCH**, **Circuit Judge**.  This case was brought by parents who were dissatisfied with the Individualized Education Plan ("IEP") offered to their son, GAJVM, by the defendant, the Puerto Rico Department of Education ("DOE"), for the 2018-2019 school year.  Despite their dissatisfaction, the parents did not file an administrative appeal, which was available to them.  Rather, they sued in the United States District Court for the District of Puerto Rico on May 11, 2018.  That court issued orders over a span of several years addressing the merits of the claims of denial of a "free, appropriate public education" ("FAPE").  Throughout the proceedings, the DOE argued that the court had no jurisdiction due to the failure of the parents to exhaust their administrative remedies. On October 9, 2020, the district court issued an Amended Opinion and Order denying in part the plaintiffs' motion for summary judgment and granting in part the defendants' motion for summary judgment.  See Valentín Marrero v. Puerto Rico, No. 18-cv-01286, 2020 WL 6126383 (D.P.R. Oct. 9, 2020).  Both parties have appealed from that order in cross-appeals.  We vacate the district court's judgment and order dismissal of the case for failure to exhaust administrative remedies.

**I.**

GAJVM is a minor student registered with the DOE as a student with disabilities.  In Puerto Rico, the DOE is responsible for ensuring that students with special education needs receive a

FAPE as required by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. See Colón-Vasquez v. Dep't of Educ. of P.R., 46 F. Supp. 3d 132, 138 (D.P.R. 2014).

During the 2016-2017 school year, GAJVM was placed at a private institution, CADEI Bilingual School ("CADEI"), at public expense as part of the DOE's existing contract with the school. On August 22, 2017, Emérita Mercado-Román and José Valentín-Marrero, GAJVM's parents, filed an administrative complaint with the Special Education Administrative Forum of the DOE to request that the DOE be ordered to continue funding GAJVM's tuition at CADEI for the 2017-2018 school year. Following review, and approving an agreement by the parties, the administrative judge issued the following order on February 12, 2018:

> 1. The Department of Education is hereby ordered to purchase educational and related services to benefit the complainant student for the time remaining in school year 2017-2018 at the private educational institution. Said purchase must be carried out by immediately including the complainant student in the existing contract between the educational agency and the private school.
> 2. The Department of Education is hereby ordered to, on or before February 22, 2018, coordinate a Programming and Placement Committee Meeting at the private school. The purpose of the Programming and Placement Committee Meeting will be to review the student's IEP for school year 2016-2017, prepare the IEP for school year 2017-2018, and analyze and discuss any matter that may be necessary regarding the provision of educational and related services that the

> student may require to receive a free, appropriate, public education.
> 3. The Department of Education is hereby ordered to hold a Programming and Placement Committee Meeting at the private school on or before April 6, 2018, in order to prepare the complainant student's IEP for school year 2018-2019 and evaluate possible placement alternatives for its implementation.
> 4. The Complaint herein is hereby CLOSED AND FILED.

GAJVM attended CADEI for the 2017-2018 school year.

Pursuant to the administrative judge's order, the Programming and Placement Special Education Committee ("COMPU" in its Spanish acronym) held meetings on February 22, March 8, March 15, and March 21, 2018 to discuss GAJVM's 2017-2018 IEP. All the parties at the March 21 meeting approved the 2017-2018 IEP. The IEP provides, inter alia, that "ABA [Applied Behavior Analysis] must be applied throughout the entire educational process (with backing from a professional certified in ABA)." The parties discussed at the March 21 meeting that the CADEI school did not have the facilities, services, or staff required to implement the 2017-2018 IEP. The recommendations in the IEP were based in part on a Functional Evaluation of Conduct Report prepared by Marta Riviere for GAJVM on May 1, 2016, which stated that full-time ABA therapies were recommended. The 2017-2018 IEP was the last IEP not in dispute.

Another COMPU meeting took place on April 5, 2018, this time to discuss a draft 2018-2019 IEP. The parents requested that

the 2018-2019 IEP contain the very same ABA therapy requirements which had been set forth in the 2017-2018 IEP.  The DOE disagreed and instead offered a one-on-one classroom at the Angelita Delgado Sella School with a teacher specialized in autism, a specialized services assistant for GAJVM, transportation provided by a carrier, and comprehensive therapy in the classroom.  The parents rejected this proposed IEP.

Despite this dispute, the parents did not file any administrative appeal about the 2018-2019 IEP or any year's IEP since.  They did not file such an appeal, although they had previously done exactly that when they sought to have the DOE pay for GAJVM's tuition at CADEI for the 2017-2018 school year, and that administrative appeal led to the administrative judge's February 2018 order.

On May 11, 2018, the parents filed a complaint in federal district court seeking injunctive relief, reimbursement of costs, and attorney's fees for purported violations of the IDEA.  The requested preliminary injunction would require the DOE to prepare a 2018-2019 IEP incorporating ABA services in a location compliant with such services.  At the time of the filing of the complaint, GAJVM was enrolled at CADEI.

On May 31, 2018, the defendants filed the first of two motions to dismiss based on the plaintiffs' failure to exhaust their administrative remedies (they also argued this in support of

their summary judgment motion). The first motion to dismiss was brought under Rule 12(b)(6) for failure to state a claim and the second was brought under Rule 12(b)(1) for lack of subject matter jurisdiction. The DOE filed the second motion to dismiss on September 10, 2018. The parents opposed these motions, arguing that they had no obligation to exhaust in this case. Relying on both D.E. v. Central Dauphin School District, 765 F.3d 260 (3d Cir. 2014), and Nieves-Márquez v. Puerto Rico, 353 F.3d 108 (1st Cir. 2003), they argued that they were merely seeking to enforce the administrative judge's order and so did not need to have a due process hearing regarding the 2018-2019 IEP before the district court weighed in on it.

Despite the DOE's assertion of a lack of subject matter jurisdiction, on September 13, 2018, a magistrate judge held a hearing on the motion for preliminary injunction. The magistrate judge heard testimony from competing educational experts and others as to the motion.

Following the hearing, the magistrate judge issued a report and recommendation on October 4, 2018. He recommended that preliminary injunctive relief be granted in part and that:

> The court should order Defendants (1) to place GAJVM in the Star-Link program at the Angelita Delgado Sella School in Lares; (2) to convene a COMPU meeting on or before November 1, 2018 at the School in order to analyze and discuss any matter that may be necessary regarding the provision of educational and therapeutic

>services that GAJVM may require to receive a free appropriate public education; (3) to prepare at that COMPU meeting a new IEP for the remainder of the 2018-19 school year to be submitted to this court on or before November 15, 2018; (4) to ensure that GAJVM's instructors are furnished with information on how to request support from the Star-Link program director as well as the names and contact information for Star Autism support members who are Board Certified Behavior Analysts.

On November 13, 2018, the district court issued two relevant orders. It adopted the portions of the report and recommendation concerning background and discussion, but rejected the magistrate judge's conclusion, saying it was "contrary to law to the extent it forces plaintiffs to accept an IEP that is not designed by an ABA certified provider and does not apply ABA services." Rather, the district court granted the preliminary injunction in part and ordered the parties "to convene a COMPU meeting on or before DECEMBER 14, 2018 and prepare a new IEP for the remainder of the 2018-2019 school year designed by an ABA certified provider that applies ABA services throughout the educational process."

The same day, the district court denied the two motions to dismiss. It relied on the Third Circuit's decision in <u>Central Dauphin School District</u>. 765 F.3d at 276. It stated that "[a]fter the DOE failed to provide an IEP for school year 2018-2019 that included services previously deemed necessary . . . plaintiffs

commenced this suit to enforce the [Administrative Law Judge]'s 'final' order."

The district court ordered the DOE and the parents to meet multiple times throughout 2018 and 2019 to try to develop an IEP. The parents rejected all proposed IEPs and eventually stopped engaging in the process, refused to discuss the draft proposals, left meetings early, and did not attend a scheduled meeting. They filed several motions captioned "Urgent" and urged the district court to find the DOE in contempt (a motion which the district court held in abeyance).

Meanwhile, at the beginning of November 2018, the parents unilaterally placed GAJVM at the Starbright Academy, a private school, for two hours each day to receive services with an ABA focus. These services continued through January 2019. For the second semester of the 2019-2020 school year, GAJVM did not receive services at Starbright due to an earthquake in Puerto Rico and the COVID-19 pandemic.

On June 20, 2019, the case was reassigned to a different district court judge. The parents filed a motion for summary judgment on June 15, 2020. On June 29, 2020, the DOE filed a motion for summary judgment, arguing once again that the case should be dismissed for lack of subject matter jurisdiction due to the plaintiffs' failure to exhaust administrative remedies. On August 19, 2020, the district court entered final judgment denying

in part and granting in part both the plaintiffs' and the defendants' motions for summary judgment. Following a motion by the parents to amend the judgment, the district court issued an amended final judgment granting in part and denying in part the plaintiffs' and the defendants' motions for summary judgment on October 9, 2020, which is the subject of the present appeal.

The district court found that the DOE had failed to provide GAJVM with a FAPE for the 11 months between April 2018, when the DOE proposed a 2018-2019 IEP which the district court found was insufficient under the IDEA, and February 2019, when the DOE proposed a 2018-2019 IEP which the district court concluded comported with the IDEA.[1] It declined to order placement for GAJVM at Starbright Academy. The district court then ordered the parties to draft a 2020-2021 IEP by October 30, 2020 and, if they were unable to agree, ordered the parents to exhaust their administrative remedies. As to the DOE's exhaustion argument, the district court stated "the Court has previously rejected Defendants' repeated contention that Plaintiffs failed to exhaust administrative remedies. . . . Thus, the Court need not readdress the issue at this juncture."

---

[1] The district court also ordered the DOE to reimburse the parents for private school tuition and to provide compensatory education for the period during which GAJVM was denied a FAPE. The DOE did not appeal this holding except insofar as it is encompassed by the exhaustion argument.

The parents appealed the district court's (1) determination that the proposed 2019-2020 IEP complied with the IDEA and with the court's orders; (2) its decision not to order placement for GAJVM at the Starbright Academy; and (3) its order to exhaust administrative remedies if agreement as to the 2020-2021 IEP is not reached. The defendants cross-appealed, arguing the district court should have dismissed the case for lack of subject matter jurisdiction based on the parents' failure to exhaust administrative remedies.

## II.

"In IDEA cases, as elsewhere, we review the district court's answers to questions of law de novo and its findings of fact for clear error." C.G. ex rel. A.S. v. Five Town Cmty. Sch. Dist., 513 F.3d 279, 284 (1st Cir. 2008).

The IDEA was enacted by Congress "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. § 1400(d)(1)(A). "'The primary vehicle for delivery of a FAPE' is an Individualized Education Program ('IEP')." Johnson v. Bos. Pub. Sch., 906 F.3d 182, 185 (1st Cir. 2018) (quoting D.B. ex rel. Elizabeth B. v. Esposito, 675 F.3d 26, 34 (1st Cir. 2012)). An IEP must be tailored to the particular child and must be "reasonably calculated to enable a child to make progress

appropriate in light of the child's circumstances[.]" Id. (quoting Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1, 137 S. Ct. 988, 999 (2017)). However, an IEP need not provide "an optimal or an ideal level of educational benefit[] in order to survive judicial scrutiny." Lessard v. Wilton Lyndeborough Coop. Sch. Dist., 518 F.3d 18, 23-24 (1st Cir. 2008).

The IDEA provides a framework for parents to commence an administrative process to raise complaints "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6)(A). Such parents "ha[ve] recourse to an impartial due process hearing conducted by either the local or state educational agency[.]" Frazier v. Fairhaven Sch. Comm., 276 F.3d 52, 58 (1st Cir. 2002); see also 20 U.S.C. § 1415(f)-(g).

The IDEA provides that "[a]ny party aggrieved by the findings and decision made [at the administrative hearing] . . . shall have the right to bring a civil action with respect to the complaint presented pursuant to this section [in state or federal court]." 20 U.S.C. § 1415(i)(2)(A). Before doing so, parties must satisfy IDEA's exhaustion provision, which states:

> Nothing in [the IDEA] shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other

> Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under [subchapter II of the IDEA], the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

Id. § 1415(l). This provision "requires exhaustion when the gravamen of a complaint seeks redress for a school's failure to provide a FAPE." Fry v. Napoleon Cmty. Sch., 137 S. Ct. 743, 755 (2017).

We have recognized that "special benefits adhere to the exhaustion requirement in the IDEA context." Frazier, 276 F.3d at 60. One such benefit is that it "places those with specialized knowledge -- education professionals -— at the center of the decisionmaking process, entrusting to them the initial evaluation of whether a disabled student is receiving a free, appropriate public education." Id. This "ensure[s] that educational agencies will have an opportunity to correct shortcomings in a disabled student's [IEP]." Id. at 61. Judges are not education professionals and generally do not have the knowledge and expertise that hearing officers in IDEA cases have.

The importance of the IDEA's administrative procedures is underscored by the extent to which courts must rely on the evidentiary record developed in the due process hearing. Id.; see also 20 U.S.C. § 1415(i)(2)(C)(i). That the IDEA provides for

judicial review of administrative decisions is "by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley, 458 U.S. 176, 206 (1982). Permitting parents to bypass the administrative process in order to have courts determine in the first instance whether an IEP provides a FAPE frustrates the IDEA's "carefully calibrated balance and shifts the burden of factfinding from the educational specialists to the judiciary." Frazier, 276 F.3d at 61.

The IDEA's exhaustion requirement also serves the purposes that exhaustion requirements in administrative regimes typically serve, including "forc[ing] parties to take administrative proceedings seriously, allow[ing] administrative agencies an opportunity to correct their own errors, and potentially avoid[ing] the need for judicial involvement altogether." Frazier, 276 F.3d at 60 (quoting P. Gioioso & Sons, Inc. v. OSHRC, 115 F.3d 100, 104 (1st Cir. 1997)).

The parent appellants concede that they did not exhaust the claims asserted in this litigation. They try to excuse their failure but do not rely on the usual exceptions. Dissatisfied parents need not exhaust administrative remedies if they "can show that the agency's adoption of an unlawful general policy would make resort to the agency futile, or that the administrative

remedies afforded by the process are inadequate given the relief sought" or if "the agency has prevented the litigant from pursuing the administrative process." Rose v. Yeaw, 214 F.3d 206, 210-11 (1st Cir. 2000). The parent appellants do not rely on these exceptions, nor could they, given the record before us.[2]

The parent appellants here argue that they do not need to exhaust their administrative remedies because they are merely enforcing the administrative judge's favorable decision, and are parties aggrieved because of the DOE's failure to implement it. They argue that it is "inapposite" that they have never brought the allegations in the complaint in an administrative forum. They argue that the IDEA prohibited the DOE from not offering the same ABA services in the 2018-2019 IEP draft that it did in the 2017-2018 IEP. Violating the IDEA in this way, they argue, contravened the administrative judge's order to meet in order to prepare an IEP and to "analyze and discuss any matter that may be necessary regarding the provision of educational and related services that the student may require to receive a free, appropriate, public education."

---

[2] The parent appellants make a passing reference in their brief that the district court's order to exhaust administrative remedies if they cannot reach agreement as to the 2020-2021 IEP would be a "futile exercise, or at the very least inadequate." However, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

In Nieves-Márquez v. Puerto Rico, we held that parents are "parties aggrieved" under § 1415(i)(2) and can bring suit in state or federal court when "they succeed before the hearing officer and the school system does not appeal the administrative decision but simply fails to fulfill a continuing obligation to provide services." 353 F.3d at 115-16. There, an administrative hearing officer found the school needed to provide the child with a sign language interpreter, but the school failed to provide one the subsequent year and the parents sued to enforce the hearing officer's interpreter order. Id. at 112-13. We held that the parents did not need to exhaust administrative remedies by returning to a hearing officer to get an order enforcing the original administrative decision before bringing suit in federal court because such a holding "would create a situation capable of repetition, evading review." Id. at 117-18.[3]

The parent appellants' argument is plainly incorrect. The administrative judge did not resolve a dispute about the 2018-2019 school year, but ordered three things pursuant to an agreement by the parties: (1) that the DOE fund GAJVM's tuition at CADEI for the 2017-2018 school year; (2) that the parties meet to draft an IEP for 2017-2018; and (3) that the parties meet to draft an IEP

---

[3] The district court did not rest on Nieves-Márquez, but on the Third Circuit Central Dauphin School District case. 765 F.3d at 276.

for 2018-2019. This order did not specify any particular services, such as ABA, that GAJVM needed to receive to be provided with a FAPE. It did not say that the 2018-2019 IEP must be identical to the 2017-2018 IEP. The parents seek to do more than enforce the terms of the February 2018 order, and they do not fall into the Nieves-Márquez exception.

In Nieves-Márquez, a hearing officer had already evaluated the student's IEP and had determined that a particular service was necessary in order to provide a FAPE. 353 F.3d at 117-18. Here, no administrative judge has been given the opportunity to evaluate whether GAJVM's IEP, or any of the proposed IEPs, provides a FAPE. The administrative judge's order to hold meetings to create GAJVM's IEPs is not a determination as to whether those IEPs provide a FAPE. This course of proceedings has upset the IDEA's "carefully calibrated balance," Frazier, 276 F.3d at 261; instead of having an educational specialist evaluate the proposed 2018-2019 IEP, the district court made the determination as to whether a FAPE was provided without the benefit of administrative findings. This is precisely what the IDEA's exhaustion requirement exists to prevent.

We note that this case has been in federal court for nearly four years, when it could and should have been more expeditiously resolved through the administrative process.

The district court erred in finding that the parents did not need to exhaust their administrative remedies.[4] Because we find that this case should have been dismissed, we do not address the parent appellants' arguments on appeal as to why the district court was incorrect to find that the proposed IEP supplied a FAPE, to deny stay-put placement at Starbright Academy, and to order exhaustion of administrative remedies should the parties fail to reach agreement.

---

[4] We note the disagreement among the circuits as to whether the IDEA's exhaustion requirement is jurisdictional or is a claims processing rule to be dealt with under Rule 12(b)(6). First Circuit precedent characterizes it as jurisdictional. See Christopher W. v. Portsmouth Sch. Comm., 877 F.2d 1089, 1099 (1st Cir. 1989) (finding that failure to exhaust administrative remedies left the court without jurisdiction to hear the merits of the case, in a case brought under a prior iteration of the IDEA known as the EHA); but see Frazier, 276 F.3d at 64 (affirming dismissal for failure to exhaust on 12(b)(6) motion and calling exhaustion a "condition precedent to entering a state or federal court."). Some circuits have concluded that it is a non-jurisdictional rule, which can be waived if not raised. See, e.g., Payne v. Peninsula Sch. Dist., 653 F.3d 863, 867, 870 (9th Cir. 2011) (en banc), overruled on other grounds by Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014); Mosley v. Bd. Of Educ. of City of Chicago, 434 F.3d 527, 533 (7th Cir. 2006); N.B. by D.G. v. Alchua Cnty. Sch. Bd., 84 F.3d 1376, 1379 (11th Cir. 1996). Others have held that it is a jurisdictional requirement. See, e.g., Ventura de Paulino v. New York City Dep't of Educ., 959 F.3d 519, 530 (2d Cir. 2020); MM ex rel. DM v. Sch. Dist. of Greenville Cnty., 303 F.3d 523, 536 (4th Cir. 2002). Because the DOE properly raised the parents' failure to exhaust throughout the litigation below and on appeal, whether or not this exhaustion requirement is jurisdictional is not dispositive in this case, and we need not delve into this question now. See Muskrat v. Deer Creek Pub. Schs., 715 F.3d 775, 784-85 (10th Cir. 2013) (declining to decide whether IDEA exhaustion is jurisdictional where defendants had raised the exhaustion requirement below and on appeal). Whether or not this requirement is jurisdictional matters not.

**III.**

For the foregoing reasons, we <u>vacate</u> the district court's judgment and <u>remand with instructions to dismiss</u>.  No costs are awarded.